IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

07 OCT 19 PM 5:09

OFFICE OF THE CLERK

| | |
|---|---|
| SAV-RX LLC, a Nebraska limited liability company, | Case No. 8:07cv-419 |
| Plaintiff, | |
| vs. | TEMPORARY RESTRAINING ORDER |
| I LOVE CHINA d/b/a "sav-rx.com", an internet domain name registrant, | |
| Defendant. | |

THIS MATTER came on for hearing on the Motion for Temporary Restraining Order by Plaintiff, Sav-Rx LLC ("Plaintiff"), restraining and enjoining Defendant, I love china d/b/a "sav-rx.com" ("Defendant") from using Plaintiff's name, service mark, and the domain name "sav-rx.com" (the "Infringing Domain Name"), and requiring the Defendant and the domain name registrar, Intercosmos Media Group, Inc. d/b/a Directnic.com (the "Registrar") to transfer the "sav-rx.com" domain name to Plaintiff and place such Infringing Domain Name on hold.

The Court finds specifically as follows:

1. Plaintiff and/or its principals own, and/or have the right to use, the service mark "SAV-RX" and have obtained federal protection by registration with the United States Patent and Trademark Office at Registration Number 1847125 (July 26, 1994) ("Plaintiff's service mark");

2. Plaintiff has continuously used the "SAV-RX" service mark in connection with advertising and promoting its services in the United States, including its website "savrx.com";

3. Based on its federal service mark and continuous use, Plaintiff has the exclusive right to use the "SAV-RX" service mark in connection with providing prescription drug services;

4. Defendant has used Plaintiff's service mark on its website and as part of its internet domain name "sav-rx.com" without Plaintiff's authority or permission;

5. Plaintiff will suffer irreparable injury if the Court does not require the Registrar to lock the Infringing Domain Name and transfer it to Plaintiff pending litigation of this matter;

6. Based on Plaintiff's Verified Complaint and Brief in Support of Motion for Temporary Restraining Order and Motion for Preliminary Injunction, Plaintiff has demonstrated that it will suffer immediate and irreparable harm if a Temporary Restraining Order is not granted *ex parte* because, among other reasons, as soon as Defendant receives notice of this action, it could easily and nearly instantaneously transfer the registration of the Infringing Domain Name from the current registrar to any number of other registrars located outside the United States as well as to other registrants unwilling to abide by this Court's orders. If this were to occur, Plaintiff would be deprived of the ability to recover registration of the Infringing Domain Name and the ability to enforce its intellectual property rights, and it would require Plaintiff to expend significant financial resources to track the registration;

7. Plaintiff has demonstrated a likelihood of success on the merits of its cybersquatting claim under the Lanham Act, 15 U.S.C. § 1125(d) and other claims contained in the Verified Complaint;

8. The balance of harm weighs in favor of Plaintiff because issuance of the restraining order would merely lock and transfer the domain name to Plaintiff pending trial, and failure to issue the restraining order would cause Plaintiff to suffer irreparable injury to its name and service mark and the associated goodwill if Defendant is not enjoined from registering, maintaining the registration on or using the domain name and website containing Plaintiff's service mark or marks confusingly similar to Plaintiff's name and service mark; and

9. There is no likelihood of harm to the public from the temporary restraining order now being granted.

IT IS THEREFORE ORDERED, ADJUDGES, AND DECREED as follows:

1. Plaintiff's *ex parte* Motion for Temporary Restraining Order is hereby granted;

2. Pursuant to 15 U.S.C. § 1125(d)(1)(C), the domain name "sav-rx.com" shall be locked and transferred to Plaintiff by the Defendant and by the Registrar;

3.  Defendant will immediately cease and desist any and all use of Plaintiff's name and service mark and any and all variants thereof, including, but not limited to, use of the Infringing Domain Name, and take all necessary steps to transfer the Infringing Domain Name to Plaintiff;

4.  Cash in the amount of $100.00 Dollars ($100.00) shall be posted by Plaintiff with the Clerk of the Court, as security for the consequences of the issuance of this Order.

5.  A hearing on the issuance of a preliminary injunction shall be held on the 29 day of October, 2007, at 1:30 o'clock, P.m., Court Room #2.

6.  Plaintiff may, in addition to the requirements of Federal Rules of Civil Procedure 4 and 5, serve the Motion, this Order, notice of the hearing on the issuance of a preliminary injunction, and all other pleadings filed to date on Defendant by electronic mail transmission at Defendant's email address: lichow123@hotmail.com.

7.  Subject to further order for good cause shown, this Order shall expire within ten (10) days unless extended by the Court.

Dated this 19 day of October, 2007, at the hour of 5:00 o'clock P.m.

BY THE COURT:

_____
District Court Judge

Prepared and submitted by:

Michael F. Coyle #18299
Jason P. Janousek, #23413
FRASER STRYKER PC LLO
500 Energy Plaza
409 South 17th Street
Omaha, NE 68102
(402) 341-6000
E-mail:mcoyle@fslf.com
　　　　jjanousek@fslf.com
ATTORNEYS FOR PLAINTIFF
W462695.2

3