IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SAV-RX, LLC, a Nebraska Limited Liability Company, | ) ) ) | CASE NO: 8:07CV419 |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| I LOVE CHINA, an internet domain name registrant, and JOHN WICHMANN, an individual, | ) ) ) ) | ORDER |
| Defendants. | ) | |

    This matter is before the Court on Plaintiffs' Motion for Default Judgment. (Filing No. 44). Plaintiff successfully effected service by delivering a copy of the Summons and Amended Complaint to a person of suitable age and discretion at Defendant's dwelling. On October 8, 2008, Plaintiff filed proof of service with the Court. (Filing No. 40).

    In the Amended Complaint, Plaintiff set forth a claim for monetary damages under the Lanham Act (15 U.S.C. § 1051 *et seq.*). Specifically, Plaintiff alleged facts amounting to violations of §§ 1125(d) (Count I), 1114 (Count II), and 1125(a) (Count III). (Filing No. 24). After Defendant John Wichmann failed to file an Answer or any other responsive pleading, Plaintiff filed a motion seeking entry of default judgment. (Filing No. 44). On January 5, 2009, the Clerk made the entry of default judgment against John Wichmann pursuant to Fed. R. Civ. Pro 55(b)(1). (Filing No. 48).

    Plaintiff now seeks the Court's entry of default judgment pursuant to Fed. R. Civ. Pro. 55(b)(2). The Plaintiffs' Motion for Default Judgment is supported by the Clerk's entry of default, the Plaintiffs' Motion and Index of Evidence (Filing Nos. 44-46), including the Affidavits of Luke J. Klinker and Walter Hoff. (Filing No. 46, Attachments Nos. 1 & 2). The

Court finds that the motion has been properly presented, and that the Defendant is in default because the Defendant has not answered the Complaint and has not otherwise appeared in these proceedings.

When a proper motion for default judgment is raised, the Court will bind the party facing the default as having admitted all the well-pleaded allegations in the Plaintiff's Complaint.  *See Angelo Iafrate Const., LLC v. Potashnick Const., Inc.*, 370 F.3d 715, 722 (8th Cir. 2004)(citing *Taylor v. City of Ballwin*, 859 F.2d 1330, 1333 n. 7 (8th Cir. 1988); Fed. R. Civ. P. 55(b)(2)).  Accordingly, the allegations contained in the Plaintiff's Complaint will be accepted as true, and the Plaintiff is entitled to judgment by default.

Given the nature of the Plaintiff's injuries, the Court will conduct an evidentiary hearing to determine the Plaintiff's damages.  Plaintiff requests damages in the amount of $300,000, pursuant to 15 U.S.C. § 1117(d).  Section 1117(d), however, expressly limits Plaintiff's recovery to "not less than $1,000 and not more than $100,000 per domain name, as the court considers just."  Because the Amended Complaint only asserts that Defendant committed violations with respect to one domain name, it remains unclear why Plaintiff is requesting damages in the amount of $300,000. (*See* Filing No. 24).  Accordingly, the Court will hold an evidentiary hearing and provide Plaintiff with the opportunity to present evidence and arguments supporting its claim for damages.

IT IS HEREBY ORDERED:

1. The Plaintiff's Motion for Default Judgment (Filing No. 44) is granted;
2. Plaintiff's counsel is directed to contact the undersigned's courtroom deputy, Edward Champion, 661-7377, to schedule an evidentiary hearing on the

      Plaintiff's damages.  Counsel should be prepared to estimate the amount of time necessary for the hearing;

3.      The Plaintiff's action against Defendant I LOVE CHINA, an internet domain name registrant, is dismissed, with prejudice, as Plaintiff has not effected service and has stated that it does not intend to make any further attempts to effect service upon Defendant I LOVE CHINA (Filing No. 47); and

4.      The Clerk of the Court is directed to amend the caption in this case by terminating I LOVE CHINA, as a defendant.

DATED this 11th day of February, 2009.

                                   BY THE COURT:

                                   s/Laurie Smith Camp  
                                   United States District Judge